IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALTERA GROUP, LLC,

      Petitioner,

vs.

BLUE LINE BIOLOGICS LLC,

      Respondent.

Civil Action No.: 3:26-mc-337-HTW-MTP

---

### PETITION TO CONFIRM ARBITRATION AWARD

Altera Group, LLC ("Altera") respectfully petitions this Court to confirm the arbitration award entered in favor of Altera and against Respondent Blue Line Biologics LLC ("Blue Line") on February 5, 2026. A true and correct copy of the *Arbitrator's Opinion and Award* (the "Award") is attached as **Exhibit A** pursuant to 9 U.S.C. § 13. In support of this Petition, Altera respectfully states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Altera is a Wyoming limited liability company with its principal place of business in Murfreesboro, Tennessee. Altera's sole member is a citizen of Tennessee.

2. For purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, Altera is a citizen of Tennessee.

3. Blue Line is a New Jersey limited liability company with its principal place of business in Lakewood, New Jersey.

4. Blue Line maintains a registered agent, Sidney Welz, located at 525 E County Line Road, Suite 10, Lakewood, New Jersey 08701.

4932-6130-3722v1
2969651-000002

5. The members of Borrower are:

(i). Sidney Welz; and

(ii) Joshua Weinfeld.

6. Sidney Welz is an adult resident citizen of the state of New Jersey.

7. For purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, Sidney Welz is a citizen of the state of New Jersey.

8. Josh Weinfeld is an adult resident citizen of the state of New Jersey.

9. For purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, Joshua Weinfeld is a citizen of the state of New Jersey.

10. Because its members are citizens of the State of New Jersey, for purposes of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332, Blue Line is a citizen of the State of New Jersey.

11. None of the members of Blue Line are citizens of Tennessee.

12. Thus, there exists complete diversity of citizenship amongst the parties to this action.

13. The amount in controversy in this action exceeds $75,000.00, as the arbitration award at issue is valued significantly in excess of $75,000.00.

14. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there exists complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00.

15. This Petition is brought under the Federal Arbitration Act, 9 U.S.C. §§ 9 and 13, to confirm an arbitration award arising from a written distribution agreement entered into by the

2

parties effective May 12, 2025 (the "Distribution Agreement"). A true and correct copy of the Distribution Agreement is attached hereto and incorporated herein as **Exhibit B**.

16.     The Distribution Agreement provides that any controversies or disputes arising out of or relating to the Distribution Agreement shall be resolved by binding arbitration under the Commercial Arbitration Rules of the American Arbitration Association, and that the arbitration shall take place in Hinds County, Mississippi. *See* Exhibit B at 4.

17.     The Distribution Agreement further provides that the award entered by the arbitrator shall be final and binding on the parties and that judgment may be entered on the award in any court having competent jurisdiction. Exhibit B at 5.

18.     This Court has personal jurisdiction over Blue Line because Blue Line agreed to arbitrate disputes arising from the Distribution Agreement in Hinds County, Mississippi, and the arbitration proceeded in Mississippi.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because the seat of the arbitration was in Hinds County, Mississippi, which is within the Southern District of Mississippi.

20.     Thus, pursuant to Section 9 of the Federal Arbitration Act, this Court can enter an order confirming the Award because diversity jurisdiction exists; the Parties agreed that a court of competent jurisdiction can enter judgment upon the Award; and this Court has jurisdiction over Blue Line. *See* 9 U.S.C. § 9.

4932-6130-3722v1
2969651-000002

## FACTS

21.     Altera and Blue Line entered into a Distribution Agreement effective May 12, 2025, under which Altera appointed Blue Line as a non-exclusive independent distributor of certain products. Exhibit A at 1; Exhibit B at 1.

22.     Under the Distribution Agreement, Blue Line was required to pay one-half of the purchase price immediately upon receipt of an invoice from Altera and before shipment, with the balance due net 60 days. Exhibit A at 1-2; Exhibit B at 3.

23.     The Distribution Agreement also provides that if any invoice is not paid when due, interest accrues on overdue amounts at 10% per annum, and Blue Line must pay all costs of collection, including reasonable attorney fees. Exhibit B at 3.

24.     A dispute arose after Blue Line received product shipments from Altera but failed to make payments in accordance with the terms of the Distribution Agreement. Exhibit A at 2.

25.     Altera demanded payment from Blue Line on or about August 21, 2025, and, after no payment was made, demanded arbitration on October 17, 2025. Exhibit A at 2.

26.     The parties consented to Robert G. Anderson (the "Arbitrator") serving as arbitrator on or about October 31, 2025. Exhibit A at 2.

27.     The Arbitrator conducted an arbitration hearing on January 9, 2026, in Hinds County, Mississippi. Exhibit A at 2.

28.     On February 5, 2026, the Arbitrator issued the Arbitrator's Opinion and Award in favor of Altera and against Blue Line. *See* Exhibit A at 13.

29.     The Arbitrator found that Blue Line is liable to Altera in the total amount of $754,841.17, which includes accrued interest at the rate of 10% per annum. Exhibit A at 12.

4932-6130-3722v1
2969651-000002

30. The Arbitrator further ordered that the Award shall continue to bear interest at the rate of 10% per annum until paid in full by Blue Line. Exhibit A at 12.

31. The Arbitrator also found that Blue Line is liable for all costs associated with the arbitration proceeding, including the Arbitrator's costs set forth in the Arbitrator's statement of fees. Exhibit A at 12.

32. The Arbitrator's statement of fees reflects a total amount due of $5,733.00. *See* Exhibit A, *Statement of Arbitrator's Fees*.

33. The Arbitrator further ordered Blue Line to pay Altera reasonable attorney fees in the amount of $48,169.50 and costs in the amount of $1,836.90. Exhibit A at 13.

34. The Arbitrator finally ordered and adjudged that judgment on the Opinion and Award may be entered and enforced in any court having competent jurisdiction, as set forth in Section 9.2 of the Distribution Agreement. Exhibit A at 13; Exhibit B at 10.

### **CONFIRMATION OF THE ARBITRATION AWARD**

35. Section 9 of the Federal Arbitration Act provides that, where the parties have agreed that judgment may be entered on an arbitration award, a party may apply for confirmation of the award within one year after the award is made, and the court must grant the application unless the award is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10 and 11.

36. The parties agreed in the Distribution Agreement that the arbitration award would be final and binding and that judgment may be entered on the award in any court having competent jurisdiction. Exhibit B at 10.

37. The Award was entered on February 5, 2026. Exhibit A at 13.

38. This Petition is filed within one year after the Award was made.

4932-6130-3722v1
2969651-000002

39.  The 90-day statutory period for Blue Line to seek vacatur, modification, or correction of the Award under 9 U.S.C. § 12 has passed.

40.  Blue Line has not sought vacatur, modification, or correction of the Award.

30.  Because the parties agreed that judgment may be entered on the Award, because this Petition is timely, and because Blue Line has not challenged the Award within the statutory period, Altera is entitled to confirmation of the Award and entry of judgment pursuant to 9 U.S.C. §§ 9 and 13.

## PRAYER FOR RELIEF

41.  Altera respectfully requests that this Court enter an order pursuant to 9 U.S.C. § 9 confirming the Arbitrator's Opinion and Award entered on February 5, 2026.

42.  Altera further requests that this Court enter judgment in accordance with the Award, including the amounts awarded by the Arbitrator, the Arbitrator's costs, attorney fees and costs, and continuing interest as awarded.

43.  Altera further requests any such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 11th day of May, 2026.

ALTERA GROUP, LLC

By Its Attorneys,

BAKER, DONELSON, BEARMAN
CALDWELL & BERKOWITZ, PC

BY:  *J. Scott Newton*
J. Scott Newton (MS Bar No. 8875)
A. James Tulp (MS Bar No. 106704)

6

4932-6130-3722v1
2969651-000002

**OF COUNSEL:**

BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
J. Scott Newton (Miss. Bar No. 8875)
A. James Tulp (Miss. Bar No. 106704)
One Eastover Center
100 Vision Drive, Suite 400
Jackson, Mississippi 39211
Telephone:  (601) 351-2400
snewton@bakerdonelson.com
jtulp@bakerdonelson.com

7